UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 10-22692-CIV-HUCK

**MANUEL ANTONIO RODRIGUEZ,**

    Petitioner,

vs.

**WALTER A. MCNEIL,** Secretary,
Florida Department of Corrections,

    Respondent.

_____\

### ORDER ON PETITIONER'S MOTION FOR COMPETENCY EVALUATION, COMPETENCY HEARING, AND FOR A STAY OF PROCEEDINGS PENDING COMPETENCY DETERMINATION

THIS MATTER is before the Court on Petitioner's Motion for Competency Evaluation, Competency Hearing, and for a Stay of Proceedings Pending Competency Determination. [D.E. #9]. Manuel Antonio Rodriguez is a death row inmate with a pending petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254. [D.E. #1]. On August 3, 2010, Mr. Rodriguez filed the instant motion alleging that he is a schizophrenic and has a documented history of hallucinations, delusions, and paranoid thinking. Mr. Rodriguez asserted that due to his then current mental state,[1] he was unable to consult with his lawyer with a reasonable degree of rational understanding. He argued that his current habeas petition was filed without any meaningful consultation because he was not

---

[1] On September 16, 2010, Mr. Rodriguez filed a Notice to the Court advising that he is no longer being housed in a psychiatric unit but is still currently receiving mental health services. Mr. Rodriguez maintains that his competency remains at issue. [D.E. #14].

1

competent to assist counsel or participate in the proceedings. Mr. Rodriguez argued that he "has the right to be competent during the litigation of his federal habeas petition." ([D.E. #9] at 4). Whether or not a petitioner in a federal habeas corpus proceeding has a constitutional or statutory right to be competent during his federal habeas proceedings remains an open question in the Eleventh Circuit, though two other circuits have held that he does. Here, the Court finds that such a right exists and certifies the question to the Eleventh Circuit Court of Appeals. The determination of whether or not a petitioner in a federal habeas corpus proceeding has a constitutional or statutory right to be competent during his federal habeas proceedings "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *McFarland v. Conceicao Services, Inc,.* 381 F.3d 1251 (11th Cir. 2004); *see also* 28 U.S.C. 1292(b).

To date, the Eleventh Circuit has not had cause to decide this issue. Previously, when a petitioner made a motion similar to Mr. Rodriguez's, the district court would hold a competency hearing and when the petitioner was determined to be competent, the issue became moot on appeal. *See Cummings-El v. Sec'y, Dept. of Corr.,* 588 F.3d 1331, 1354 n.10 (11th Cir. 2009); *see also Ferguson v. Sec'y, Dept. of Corr.*, 580 F.3d 1183, 1222 (11th Cir. 2009). Therefore, this question has remained unanswered. Other than the Ninth Circuit, the remaining circuits which "have discussed the issue" have assumed, "without deciding, that such a right exits and resolved the competency issue on other grounds." *Id.* at 1222, n.2. However, the Court finds that ordering a competency evaluation and then conducting a competency hearing for a petitioner who may or may not be entitled to one is a potentially pointless exercise. It is not an insignificant process to appoint mental health expert(s) to conduct an evaluation of the petitioner and to then hold a hearing requiring

the presence of the petitioner, counsel, the experts, and the Court only to later find out that no such federal right to competency ever existed. Accordingly, the Court certifies its ruling for interlocutory review pursuant to 28 U.S.C. §1292(b) so that the determination of the existence of such a right will be conducted. It is the Court's goal to pragmatically proceed in the resolution of Mr. Rodriguez's petition. The Court has determined that an immediate appeal of this order is the appropriate vehicle to accomplish that goal. For the following reasons, the Court finds that a petitioner in a federal habeas corpus proceeding has a right to be competent during the proceedings.

"Requiring that a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel." *Godinez v. Moran*, 509 U.S. 389 (1993). The United States Supreme Court has held that in certain instances the Constitution requires a person to be competent to proceed. "A criminal defendant may not be tried unless he is competent. *Pate v. Robinson*, 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815 (1966), and he may not waive his right to counsel or plead guilty unless he does so "competently and intelligently," *Johnson v. Zerbst*, 304 U.S. 458, 468, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461 (1938); *accord, Brady v. United States*, 397 U.S. 742, 758, 90 S.Ct. 1463, 1474, 25 L.Ed.2d 747 (1970)." *Id.* at 396. "[T]he Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so." *Indiana v. Edwards*, 554 U.S. 164 (2008). A death row inmate may *competently* waive further review of his conviction and sentence. *See Gilmore v. Utah*, 429 U.S. 1012 (1976) (emphasis added). The United States Supreme Court has not yet determined if this Constitutional protection

extends to persons in state custody who seek writs of habeas corpus from federal courts.[2] Here, the Court finds that the same underlying principles which are the basis for the right to be competent to stand trial, competent to plead guilty, competent to waive your right to counsel and represent yourself at trial, and competent to waive appellate rights which are tantamount to a death sentence apply to those persons convicted of a capital crime seeking federal habeas review.

In *Rohan ex.rel. Gates v. Woodford*, 334 F.3d 803, 813 (9th Cir. 2003), *cert. denied*, 540 U.S. 1069 (2003), the Ninth Circuit held that the statutory right to counsel for death row inmates in federal postconviction relief proceedings implied a statutory right to be competent during those proceedings.[3] *Id.* at 817. "In capital cases, prisoners challenging their convictions or sentences in federal court have a right to assistance of counsel. *See* 21 U.S.C. § 848(q)(4)(B). This prescription reflects Congress's belief that "federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty," *McFarland v. Scott*, 512 U.S. 849, 859, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994), and that meaningful assistance of counsel is essential to secure federal constitutional rights.'" *Id.* at 813. The Ninth Circuit began its analysis with a historical review of the "execution of the incompetents" and ended with a procession of analogous Supreme Court precedent. *See id.* at 807-12. Ultimately, the court found Mr. Rohan's

---

[2] While there is limited United States Supreme Court authority on this issue, the Ninth Circuit cited to two decisions by the Supreme Court which would indicate that the Court found that "incompetence is grounds for staying habeas proceedings." *Rohan, ex. rel. Gates v. Woodford*, 334 F.3d 803, 815 (9th Cir. 2003)(citing *Rees v. Peyton*, 384 U.S. 312 (1966); *Rees v. Peyton*, 386 U.S. 989 (1967)). The Court finds these decisions persuasive in that they likely indicate a petitioner should be competent during his habeas proceedings.

[3] In fact, the Ninth Circuit has extended this right to include the appeal of the denial of habeas relief. *Nash v. Ryan*, 581 F.3d 1048 (9th Cir. 2009).

due process claim "debatable" but determined that 21 U.S.C. §848(q)(4)(B)[4] incorporated a statutory right to competence. Therefore, the Court chose to leave Mr. Rohan's constitutional claim "for another day." *Id.* at 814. Thus, the basis for the Ninth Circuit's holding was statutory rather than constitutional.

More recently, the Seventh Circuit reached a similar result in *Holmes v. Levenhagen*, 600 F.3d 756 (7th Cir. 2010) but without finding that a specific statutory right exits. *See id*. The opinion - reversing the judgment of the district court and remanding with instructions to "suspend the habeas corpus proceeding unless and until the state provides substantial new evidence that [the petitioner's] psychiatric illness has abated, or its symptoms are sufficiently controlled to justify the resumption of the proceeding" - was premised on a petitioner's right to participate in certain specific strategic or tactical decisions. The court found that because postconviction counsel are typically different attorneys from those who represented him at trial, a petitioner's recollections of events at trial "could help his lawyers formulate a persuasive argument that there should be an evidentiary hearing. . ." *Id.* at 758. While based on different legal principles, both of these decisions are grounded in the same basic premise that if you are entitled to counsel in your federal habeas proceedings, you also have a right to be competent so that you can consult and assist the lawyer appointed to you as a matter of statutory right. The Court agrees. Capacity for rational communication is essential to meaningful assistance of counsel. *Nash*, 581 F.3d at 1053.

Competence is generally thought to require that the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a

---

[4] This statute has been replaced "by a 'materially identical statute,' 18 U.S.C. §3599(a)(2).'" *Nash*, 581 F.3d at 1052, n.5.

rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960); *see also Godinez*, 509 U.S. at 402. The State argues that because a petitioner at the federal habeas stage of his post-conviction proceedings has already developed the record and participated in exhausting all the same claims at the state court level as those that he would bring here, that his ability to assist his counsel is not required. On its face, this is a persuasive argument. However, it ignores the processes articulated by Judge Posner in *Holmes* wherein a habeas petitioner should participate in the strategic decisions regarding which claims to bring or not bring and the penultimate decision of whether to plead incompetence at all.[5] The State's argument would result in an attorney filing a federal habeas petition on behalf of a person who has never been consulted regarding his own claims. As these are cases in which the outcome literally can mean life or death, the Court does not agree that the statutory right to counsel in federal habeas proceedings can be rendered essentially void because the person for whom this right was conveyed cannot have a coherent consultation with his counsel. *See generally Beck v. Alabama*, 447 U.S. 625, 637 (1980) (capital cases require additional protections because of the nature of the penalty at stake). While the Supreme Court's "death is different" jurisprudence has evolved into one of less protections over time, it remains that death is still different. *See generally Base v. Rees*, 553 U.S. 35, 84 (2008)(J. Stevens, concurring) (citing *Gardner v. Florida*, 430 U.S. 349, 357-358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) (plurality opinion)).

---

[5] While the Court agrees with the conclusion reached by the Seventh Circuit, the Court also believes that certain of the reasons on which it bases its decision go too far. The Court agrees that the petitioner should be an active participant in certain strategic decisions. However, that participation is not without limits. The Court recognizes that there are certain tactical decisions which are within the sole discretion of the attorney.

Alternatively, the State argues that because the Eleventh Circuit found in *Sanchez-Velasco*[6] that even if the petitioner was incompetent, the best person to serve as the petitioner's next friend would be the attorney who had been representing the petitioner in prior litigation then Mr. Rodriguez has no cause to complain. Here, the petition was filed by the same counsel who represented Mr. Rodriguez during his state court post-conviction proceedings. The State argues that it matters not whether the instant petition was filed by counsel on behalf of a Petitioner (who is competent) or by counsel as Petitioner's next friend, so long as the petition was filed. The Court rejects this argument because it is based on a flawed premise and presumes that a petitioner never really needs to be competent at any stage of any proceeding because he has an attorney who he initially consented to represent him when he had been competent. This implies that after the initial consent, the petitioner's work here is done. This is inapposite to all precedent underlying the fundamental principles of competency and the criminal defendant. *See generally Godinez v. Moran*, 509 U.S. 389 (1993); *Pate v. Robinson*, 383 U.S. 375 (1966); *Dusky v. United States*, 362 U.S. 402 (1960) and *Drops v. Missouri*, 420 U.S. 162 (1975). Further, to imply that this statutory right translates into a next friend status by the attorney assumes a result not intended by Congress. Congress expressly granted a petitioner the right to the appointment of counsel during any post conviction proceeding brought under section 2254. *See* 18 U.S.C. §3599(a)(2). This statute assumes that the petitioner is the person challenging their conviction and sentence in federal court - not the attorney as next friend. The true problem with the ***crux*** of the State's argument is that it is based on the premise that a federal habeas proceeding is just a carbon copy of the petitioner's state post-conviction proceedings with a legal explanation of why or why not the state court was unreasonable. This oversimplification

---

[6] 287 F.3d 1015 (11th Cir. 2002).

implies that there is no particular strategic or tactical decisions to be made during federal habeas proceedings. This is simply untrue. If nothing else, the attorney may need to confer with the petitioner to understand the significance and context of facts contained within the record. Counsel's decision to "emphasize certain arguments, and to focus on different facts or theories, may likewise depend on the information relayed by the petitioner - information that the record may supply in part, but not in whole." *Nash*, 581 F.3d at 1053-54. Further, the need for rational communication between counsel and petitioner is unaffected by the limits imposed on judicial review by the AEDPA which did not modify or diminish counsel's duty to provide meaningful representation and communicate with petitioner. *Id.* at 1054, n.8.

      The Court finds that there is an implied right to be competent during federal habeas proceedings in the statute guaranteeing the appointment of counsel for any defendant who is or becomes financially unable to obtain adequate representation in any post conviction proceeding under section 2254 seeking to vacate or set aside a death sentence. *See* 18 U.S.C. §3599(a)(2). Otherwise, it would essentially render the statute superfluous if the Court were to determine that while a petitioner has a right to the assistance of counsel, the petitioner does not have a right to communicate with counsel or participate in his own proceedings. In fact, had Mr. Rodriguez come before the Court on a motion to appoint counsel because he and his lawyer had a complete failure to communicate, the Court would have more than likely appointed him new counsel because implicit in the right to counsel is the ability to effectively communicate with that counsel. *See United States v. Calderone*, 127 F.3d 1314, 1343 (11th Cir. 1997) (finding one of the considerations of the district court on a motion to withdraw as counsel is whether the conflict is so great that it resulted in a total lack of communication between the defendant and his counsel thereby preventing an adequate

defense). This right remains unchanged simply because the petitioner cannot communicate due to incompetency. "By ensuring a defendant's right to have counsel, which includes the concomitant right to communicate with counsel at every critical stage of the proceedings, *see Powell v. Alabama,* 287 U.S. 45, 68-69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932), the Constitution seeks "to minimize the imbalance in the adversary system." *United States v. Ash*, 413 U.S. 300, 309, 93 S.Ct. 2568, 2573, 37 L.Ed.2d 619 (1973).'" *Perry v. Leeks*, 488 U.S. 272 (1989) (Marshall, J., dissenting).

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Petitioner's Motion for Competency Evaluation, Competency Hearing, and for a Stay of Proceedings Pending Competency Determination [D.E. #9] is GRANTED.

1) Petitioner's request for a competency evaluation, competency hearing, and for a stay of proceedings pending competency determination is GRANTED.

2) The Court certifies the question of whether there is a federal right to be competent during federal habeas proceedings to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. §1292(b). A party must, within ten days of this order, apply to the court of appeals for permission to appeal. *See id.*

DONE in Chambers, Miami, Florida, on October 27, 2010.

_____
Paul C. Huck
United States District Judge

cc: All counsel of record